

1313 North Market Street
302 984 6000
P.O. Box 951
Wilmington, DE 19801- 0951
www.potteranderson.com

David E. Moore
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Firm Fax

May 16, 2022

**VIA ELECTRONIC FILING**

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28, Room 2325
Wilmington, DE 19801-3555

    Re:   *The Nielsen Company (US), LLC v. TVision Insights, Inc.*,
           C.A. Nos. 21-1592-CJB, 22-57-CJB

Dear Judge Burke,

    Pursuant to the Court's Orders of April 14, 2022 (D.I. 27 in Case No. 1:21-cv-01592-CJB; D.I. 19 in Case No. 1:22-cv-00057-CJB), Plaintiff The Nielsen Company (US), LLC ("Nielsen") and Defendant TVision Insights, Inc. ("TVision") respectfully submit this joint letter. Also pursuant to those Orders, filed simultaneously with this letter are the Checklist, indicating the names of the lead counsel and Delaware counsel for each party (Ex. A), and a proposed Scheduling Order that is consistent with Your Honor's "Rule 16 Scheduling Order – Patent" (Ex. B).

    **A.  Description of What the Cases Are About**

    Although the two cases described herein were filed separately, the parties have agreed to attempt to have both cases follow the same schedule to the extent possible. Still, there are some unique scheduling issues in each case, which are addressed below.

    **1.  Case No. 1:21-cv-01592-CJB ("*TVision I*")**

    In *TVision I*, Nielsen accuses TVision of infringing U.S. Patent Nos. 8,302,120 ("the '120 Patent") and 9,020,189 ("the '189 Patent"). The '120 Patent claims particular systems, methods and apparatuses in the field of correlating presentation of media content (*e.g.*, an advertisement) on a media presentation device (*e.g.*, a television) with activity on a separate computing device. The '189 Patent claims particular methods and apparatuses relating to the detection and counting of individuals present in the area of a media presentation device.

    On January 7, 2022, TVision filed a Motion to Dismiss for alleged failure to state a claim (D.I. 11 in *TVision I*), arguing that both asserted patents are invalid under 35 U.S.C. § 101. That Motion is fully briefed.

The Honorable Christopher J. Burke
May 16, 2022
Page 2

As reflected in the proposed Scheduling Order, the parties have agreed to some early focused discovery concerning the accused systems, methods, and devices but have agreed to wait to begin general fact discovery until the end of August 2022 to minimize (to the extent possible) discovery prior to the Court's decision on TVision's Motion.

### 2. Case No. 1:22-cv-00057-CJB (*"TVision II"*)

In *TVision II*, Nielsen accuses TVision of infringing U.S. Patent No. 7,783,889 ("the '889 Patent"). The '889 Patent relates to particular methods and apparatuses for generating signatures of audio content streams. TVision answered Nielsen's Complaint in *TVision II* on March 7, 2022 (D.I. 11). As reflected in the proposed Scheduling Order, the parties have agreed to some early focused discovery concerning the accused methods and apparatuses but have agreed to wait to begin general fact discovery until the end of August 2022.  This will give Nielsen time to seek discovery from foreign third party ACRCloud, Ltd. ("ACRCloud"), which, as explained below, may have information critical to the case.  Starting general discovery in *TVision II* at that time—assuming Nielsen has the necessary information then—will allow the case schedule to align with the schedule for *TVision I*.

### B. Parties' Positions Regarding Disputes in the Proposed Scheduling Order.

There are no disputes in the Proposed Scheduling Order.

### C. List of the Three Most Significant Topics (other than Scheduling Order Disputes) Discussed during the Parties' Review of the Checklist Items

#### 1. International Third-Party Discovery Relating to the '889 Patent at Issue in *TVision II*.

In the *TVision II* case, Nielsen's complaint alleges that "TVision uses ACRCloud software to perform ACR," or automatic content recognition.  Compl. ¶ 36.  Discovery regarding this "ACRCloud software" will be necessary for the case.  ACRCloud, Ltd. is a third-party software vendor based in China. During the parties' review of the Checklist items, TVision indicated that it does not possess information regarding how the ACRCloud software generates signatures of audio content streams, and that it does not believe that ACRCloud will provide its confidential technical information absent legal process.  TVision also indicated that it does not have the authority to demand documents from ACRCloud.  Accordingly, it is contemplated that such information might have to be obtained from ACRCloud through the Hague Evidence Convention.

If it is indeed the case that this information must be obtained via the Hague Evidence Convention, then it is possible that Nielsen will not have sufficient information to be able to provide initial infringement contentions by September 8, 2022 (the date currently set forth in the parties' proposed schedule).  If that is the case, the parties agree to meet and confer regarding modifying the schedule with respect to this patent.

The Honorable Christopher J. Burke
May 16, 2022
Page 3

### 2. Whether Discovery Should Be Stayed in the *TVision I* Case, Relating to the '189 and '120 Patents, While the Motion to Dismiss is Pending

TVision's pending motion to dismiss the *TVision I* case, if granted, would substantially narrow the parties' disputes by resolving entirely two of the three asserted patents. Accordingly, TVision respectfully requests that the Court address this motion by August 2022, if practicable. Nielsen, on the other hand, believes that the motion to dismiss will be denied and therefore does not believe the timing of the resolution of the motion will have a practical effect on the case.

TVision indicated its preference for staying general fact discovery until the Court decides its pending Motion to Dismiss. In response, Nielsen stated its preference for beginning discovery right away. As a compromise, the parties agreed to conduct early focused discovery on the accused systems, methods, and devices but to wait to begin general fact discovery until the end of August 2022. The parties believe staging discovery this way will balance the burdens associated with discovery with the need to move the case forward while the Motion is pending.

### 3. Providing Meaningful Damages Information Early in the Case Schedule, Including with Initial Disclosures

Particularly with respect to the '889 patent, TVision believes that the quantum of potential damages may not justify the cost of litigation. Nielsen accuses of infringement "automatic content recognition" methods and apparatuses that TVision alleges are accomplished via a third-party vendor's software. TVision's position is that third-party audio content recognition software is widely available in the low six-figures annually and TVision could just as easily purchase content recognition software from a different vendor. Accordingly, TVision believes that the "smallest salable unit" (*see* Case Management Checklist) is this out-sourced software, and that the resulting royalty **base** would be exceedingly low (with the resulting royalty being only a fraction of the base).

Nielsen, on the other hand, believes that the potential remedies if it proves infringement, which may include lost profits, reasonable royalties, and/or an injunction, may more than justify the cost of litigation.

In an effort to help the parties determine whether early resolution of the case might be possible, Nielsen has committed to stating, by June 3, 2022, (a) which asserted patents Nielsen practices; and(b) whether Nielsen's damages will be based on lost profits, reasonable royalties, or both.

The parties appreciate the Court's attention to these matters.

Respectfully,

*/s/ David E. Moore*

David E. Moore

DEM:nmt/10139367
Enclosures
cc:   Counsel of Record (via electronic mail)