IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1592-CJB |
| | ) | |
| TVISION INSIGHTS, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant TVision Insights, Inc. ("TVision"), by and through counsel, demands a trial by jury on all issues so triable and answers[1] the Complaint for Patent Infringement filed by Plaintiff The Nielsen Company (US), LLC ("Nielsen") as follows:

## NATURE OF THE ACTION

1. TVision admits that this purports to be an action for patent infringement brought against TVision for alleged infringement of United States Patent No. 9,020,189 ("the '189 patent"). To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '189 patent, TVision denies those allegations.

---

[1] Plaintiff filed a Notice of Partial Dismissal on June 7, 2022 dismissing Count II (Infringement of U.S. Patent No. 8,302,120) of its Complaint for Patent Infringement (D.I. 1). *See* D.I. 38, 39. In that regard, TVision responds herein only to those allegations in the Complaint related to Count I (Infringement of U.S. Patent No. 9,020,189). TVision denies any allegations contained in these paragraphs to which a response is required.

1

## PARTIES

2. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and on that basis denies the allegations.

3. TVision admits that TVision Insights, Inc. is organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

4. TVision admits that this purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. TVision further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

5. TVision admits that this Court has personal jurisdiction over it, and that TVision is a corporation organized and existing under the laws of the State of Delaware. TVision admits that it has a registered agent in Delaware—The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. The remaining allegations of paragraph 5 set forth legal conclusions and questions of law regarding personal jurisdiction to which no response is required. To the extent a response is required, such allegations are denied.

6. TVision admits that venue is proper in this Judicial District. The remaining allegations of paragraph 6 are legal conclusions for which no response is required. To the extent a response is required, except as expressly admitted, such allegations are denied.

## FACTUAL BACKGROUND

7. TVision denies that Nielsen is the media industry's leading data and analytics company. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and on that basis denies the allegations.

8. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies the allegations.

9. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations.

10. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies the allegations.

## THE '189 PATENT

11. TVision admits that the '189 patent on its face lists "The Nielsen Company (US), LLC" as the assignee. The remaining allegations of paragraph 11 set forth legal conclusions and questions of law under the Patent Act, 35 U.S.C. § 1 *et seq.*, to which no response is required. To the extent a response is required, except as herein expressly admitted, such allegations are denied.

12. TVision admits that the '189 patent on its face is entitled "Methods and Apparatus to Monitor Environments," and further admits that what appears to be a copy of the '189 patent is attached to the Complaint as Exhibit A. TVision admits that the '189 patent on its face lists "April 28, 2015" as the date of patent. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 12, and on that basis, except as herein expressly admitted, denies those allegations.

13. TVision admits that the '189 patent on its face lists "The Nielsen Company (US), LLC" as the assignee. The remaining allegations of paragraph 13 set forth legal conclusions and questions of law under the Patent Act, 35 U.S.C. § 1 *et seq.*, to which no response is required. To the extent a response is required, except as herein expressly admitted, such allegations are denied.

14. TVision admits that audience measurement systems or methods may involve detection of individuals viewing content on a television. TVision denies the allegations of paragraph 14 insofar as they purport to characterize the subject matter and scope of the asserted patent. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and on that basis, except as herein expressly admitted, denies those allegations.

15. The allegations of paragraph 15 set forth legal conclusions and questions of law to which no response is required. To the extent a response is required, such allegations are denied.

16. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies those allegations.

17. TVision admits that what appears to be a copy of the declaration of Virginia Lee is attached to the Complaint as Exhibit B. The remaining allegations of paragraph 17 set forth legal conclusions and questions of law to which no response is required. To the extent a response is required, except as herein expressly admitted, such allegations are denied.

18. TVision admits that paragraph 18 appears to reproduce some portions of the language from claim 9 of the '189 patent. Except as herein expressly admitted, TVision denies the allegations of paragraph 18 insofar as they purport to characterize the subject matter and scope of the '189 patent.

19. To the extent the allegations of paragraph 19 set forth legal conclusions, no response is required. To the extent a response is required, such allegations are denied.

20. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis denies the allegations.

21. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and on that basis denies the allegations.

22. To the extent the allegations of paragraph 22 set forth legal conclusions as to the priority date of the '189 patent, no response is required. To the extent a response is required, such allegations are denied. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and on that basis denies those allegations.

23. To the extent the allegations of paragraph 23 set forth legal conclusions as to the priority date of the '189 patent, no response is required. To the extent a response is required, such allegations are denied. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and on that basis denies the allegations.

24. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and on that basis denies the allegations.

25. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and on that basis denies the allegations.

26. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and on that basis denies the allegations.

## THE '120 PATENT

Plaintiff filed a Notice of Partial Dismissal on June 7, 2022 dismissing Count II (Infringement of U.S. Patent No. 8,302,120) of its Complaint for Patent Infringement (D.I. 1). *See* D.I. 38, 39.  In that regard, TVision responds herein only to those allegations in the Complaint related to Count I (Infringement of U.S. Patent No. 9,020,189).  Paragraphs 27–38 relate solely to Count II regarding the '120 patent and thus no response is required.  TVision denies any allegations contained in these paragraphs to which a response is required.

## THE INFRINGING SYSTEM AND METHOD

39.  TVision admits that the quoted language in paragraph 39 appears in the documents attached as Exhibit D and Exhibit E to the Complaint.  TVision admits that the language characterizing TVision as a "data and analytics company that measures how people […] watch TV" appears in the document attached as Exhibit D to the Complaint.  TVision admits that the video cited in paragraph 39 discusses collecting data from a panel of TV viewers that opt-in to be part of the panel.  TVision denies the remaining characterizations and interpretations of the documents cited.  Except as herein expressly admitted, TVision denies the allegations of paragraph 39.

40.  TVision admits that the document attached as Exhibit F to the Complaint references "a 15,000 person panel."  TVision admits that the document attached as Exhibit H mentions "Boston, Chicago, Dallas, New York, Philadelphia, Atlanta, Seattle and Los Angeles" as markets TVision operates in.  Except as herein expressly admitted, TVision denies the allegations of paragraph 40.

41.     TVision admits that the photographs in paragraph 41 appear in the documents attached as Exhibit I and Exhibit J to the Complaint. Except as herein expressly admitted, TVision denies the allegations in paragraph 41.

42.     TVision admits that its audience measurement may involve using a system or employing a method. TVision denies that TVision has infringed any valid and enforceable claim of the '189 patent. Except as herein expressly admitted, TVision denies the allegations of paragraph 42.

43.     TVision admits that it uses a device placed in panelists' homes. TVision admits that the device can collect certain data from panelists' homes and that certain data can be analyzed. To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '189 patent, TVision denies those allegations. TVision lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 43, and on that basis, except as herein expressly admitted, denies those allegations.

44.     TVision admits that it can collect and analyze data from its panel. TVision admits that insights into how people watch TV may include TV attribution, co-viewing, reach, frequency, and cross-platform measurement. TVision admits that the documents attached as Exhibit K and Exhibit L to the Complaint discuss the use of data to provide insights such as TV attribution, co-viewing, reach, frequency, and cross-platform measurement. Except as herein expressly admitted, TVision denies the allegations of paragraph 44.

45.     TVision admits that the document attached as Exhibit D to the Complaint includes the language quoted in paragraph 45. Except as herein expressly admitted, TVision denies the allegations of paragraph 45.

46. TVision admits that the image in paragraph 46 appears in the video cited in paragraph 46. TVision admits that paragraph 46 also appears to reproduce some portions of the language from the video cited in paragraph 46. TVision admits that the document attached as Exhibit H to the Complaint references a "Logitec-sized" webcam. Except as herein expressly admitted, TVision denies the allegations of paragraph 46.

47. TVision admits that the image in paragraph 47 appears in the video cited in paragraph 47. TVision admits that paragraph 47 also appears to reproduce some portions of the language from the video cited in paragraph 47. Except as herein expressly admitted, TVision denies the allegations of paragraph 47.

48. TVision admits that the document attached as Exhibit M includes the language quoted in the parenthetical in paragraph 48. TVision admits that the document attached as Exhibit N to the Complaint on its face is a U.S. Patent Application Publication bearing the publication number "2018/0007431" and lists TVision as the assignee. Except as herein expressly admitted, TVision denies the allegations of paragraph 48 and denies that TVision has infringed any valid and enforceable claim of the '189 patent.

49. Denied.

50. TVision admits that the document attached as Exhibit P to the Complaint includes the language quoted in paragraph 50. TVision admits that the document attached as Exhibit O to the Complaint references cross-platform insights. Except as herein expressly admitted, TVision denies the allegations of paragraph 50.

51. TVision admits that the document attached as Exhibit P to the Complaint includes the language quoted in paragraph 51. Except as herein expressly admitted, TVision denies the allegations of paragraph 51.

52. TVision admits that the document attached as Exhibit Q to the Complaint includes the language quoted in paragraph 52. Except as herein expressly admitted, TVision denies the allegations of paragraph 52.

53. TVision admits that the document attached as Exhibit N to the Complaint includes the language quoted in paragraph 53. Except as herein expressly admitted, TVision denies the allegations of paragraph 53.

54. TVision admits that the language quoted in paragraph 54 appears in the document attached as Exhibit E to the Complaint. TVision admits that the document attached as Exhibit F to the Complaint states that "[m]any Nielsen contenders are licensing TVision's dataset[.]" TVision admits that it collects data from its panel and that the data may be analyzed. Except as herein expressly admitted, TVision denies the allegations of paragraph 54.

55. Denied.

56. TVision denies that it has violated federal law and denies any unauthorized use of Nielsen's patented technology. TVision denies that Nielsen is entitled to any relief.

## COUNT I

## INFRINGEMENT OF THE '189 PATENT

57. TVision incorporates by reference its responses to paragraphs 1–56 above.

58. Denied.

59. Denied.

60. TVision admits that paragraph 60 appears to reproduce some portions of the language from claim 9 of the '189 patent. TVision admits that the language quoted in paragraph 60 appears in the document attached as Exhibit N to the Complaint. Except as herein expressly admitted, TVision denies the allegations of paragraph 60.

61. TVision admits that paragraph 61 appears to reproduce some portions of the language from claim 9 of the '189 patent.  TVision admits that the document attached as Exhibit N to the Complaint references an "infrared (IR) sensor" and "IR depth images."  Except as herein expressly admitted, TVision denies that allegations of paragraph 61.

62. TVision admits that paragraph 62 appears to reproduce some portions of the language from claim 9 of the '189 patent.  TVision admits that the document attached as Exhibit N to the Complaint references a "camera" and a "processor" that "estimates a first number of people present in the viewing area[.]"  Except as herein expressly admitted, TVision denies that allegations of paragraph 62.

63. TVision admits that paragraph 63 appears to reproduce some portions of the language from claim 9 of the '189 patent. TVision admits that the document attached as Exhibit N to the Complaint references a "processor."  Except as herein expressly admitted, TVision denies that allegations of paragraph 63.

64. TVision admits that paragraph 64 appears to reproduce some portions of the language from claim 9 of the '189 patent. TVision admits that the document attached as Exhibit N to the Complaint references a "processor."  Except as herein expressly admitted, TVision denies that allegations of paragraph 64.

65. The Court dismissed Plaintiff's willful infringement claims (D.I. 49) and thus no response is required.  TVision denies any allegations contained in this paragraph to which a response is required.

66. The Court dismissed Plaintiff's willful infringement claims (D.I. 49) and thus no response is required.  TVision denies any allegations contained in this paragraph to which a response is required.

67. Denied.

68. Denied.

## COUNT II

## INFRINGEMENT OF THE '120 PATENT

Plaintiff filed a Notice of Partial Dismissal on June 7, 2022 dismissing Count II (Infringement of U.S. Patent No. 8,302,120) of its Complaint for Patent Infringement (D.I. 1). *See* D.I. 38, 39. In that regard, TVision responds herein only to those allegations in the Complaint related to Count I (Infringement of U.S. Patent No. 9,020,189). Paragraphs 69–87 relate solely to Count II regarding the '120 patent and thus no response is required. TVision denies any allegations contained in these paragraphs to which response is required.

## PRAYER FOR RELIEF

These paragraphs set forth the relief requested by Nielsen to which no response is required. TVision denies any allegations contained in the Prayer for Relief to which response is required. TVision denies that Nielsen is entitled to any relief requested in its Prayer for Relief in its Complaint, and further specifically denies that Nielsen is entitled to any relief whatsoever of any kind against TVision. TVision denies each and every allegation of Nielsen's Complaint not specifically admitted or otherwise responded to above. TVision specifically denies that it has infringed or is liable for infringement of any valid and enforceable patent claims by Nielsen.

WHEREFORE, TVision respectfully requests that the Court enter judgment in TVision's favor and against Nielsen on all of Nielsen's claims; that the Court declare that the '189 patent is invalid, unenforceable, and not infringed by TVision; that the Court award TVision their costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award TVision such other relief as the Court deems appropriate.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling TVision to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Nielsen's assertion of the '189 patent against TVision with the knowledge that TVision does not infringe any valid or enforceable claim of the '189 patent and/or that the '189 patent is invalid and/or unenforceable.[2]

## DEMAND FOR TRIAL BY JURY

Nielsen's demand for a trial by jury does not require a response.  TVision demands a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, TVision alleges and asserts the following defenses in response to Nielsen's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. All defenses are pled in the alternative and do not constitute an admission of liability or that Nielsen is somehow entitled to any relief whatsoever.  In addition to the defenses listed below, TVision specifically reserves all rights under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims that may become known through the course of discovery or otherwise during the course of these proceedings.

---

[2] While Nielsen ultimately dismissed Count II alleging infringement of U.S. Patent No. 8,302,120, and thus no response is required as to related allegations, on information and belief, this is an exceptional case entitling TVision to attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of Nielsen's assertion of the U.S. Patent No. 8,302,120 against TVision with the knowledge that TVision does not infringe any valid or enforceable claim of the '189 patent.

## FIRST DEFENSE

(NONINFRINGEMENT OF THE PATENT)

TVision has not infringed and does not infringe any valid, enforceable claim of the '189 patent, literally or under the doctrine of equivalents, indirectly, willfully, alone or jointly with third parties.

## SECOND DEFENSE

(INVALIDITY)

One or more of the claims of the patent-in-suit are invalid and unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, because the claims are directed to abstract ideas or other non-statutory subject matter, because the claims lack novelty, and are taught or suggested by the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

## THIRD DEFENSE

(LIMITATION ON DAMAGES)

Nielsen's damages are limited or unavailable pursuant to 35 U.S.C. §§ 286, 287, and/or 288.

## FOURTH DEFENSE

(NO INJUNCTIVE RELIEF)

Nielsen is not entitled to injunctive relief because it has an adequate remedy at law and, upon information and belief, otherwise cannot satisfy the requirements for injunctive relief.

## FIFTH DEFENSE

(ACQUIESCENCE, ESTOPPEL, WAIVER, AND/OR LACHES)

The claims and relief sought by Nielsen in relation to the '189 patent are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel and/or prosecution history estoppel, waiver, and/or laches.

Respectfully submitted,

/s/ John W. Shaw
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Ajay S. Krishnan
Julia L. Allen
Bailey W. Heaps
Reaghan E. Braun
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Dated: August 24, 2022