## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE NIELSEN COMPANY (US), LLC,    )
      )
    Plaintiff,    )  C.A. No. 21-1592-CJB
      )
    v.    )  **JURY TRIAL DEMANDED**
      )
TVISION INSIGHTS, INC.,    )  **PUBLIC VERSION**
      )
    Defendant.    )
      )


## REPLY LETTER TO THE HONORABLE CHRISTOPHER J. BURKE
## FROM BINDU A. PALAPURA


OF COUNSEL:

Steven Yovits
Constantine Koutsoubas
KELLEY DRYE & WARREN LLP
333 West Wacker Drive
Chicago, IL 60606
Tel:  (312) 857-7070

Clifford Katz
Malavika Rao
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel:  (212) 808-7800

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Brandon R. Harper (#6418)
Carson R. Bartlett (#6750)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
bharper@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Plaintiff The Nielsen Company (US), LLC*

Dated:  August 29, 2022
10316527/ 14944.00004
PUBLIC VERSION
Dated:  September 6, 2022

Dear Judge Burke:

TVision does not dispute that Nielsen identified the Logitech device in its disclosures under the Default Standard.  Nor does it dispute that the Default Standard requires defendants to produce core technical documents relating to products accused in the disclosures.  Instead, TVision argues that it can sidestep this District's requirements because Nielsen's Complaint purportedly does not identify the Logitech-based system as an infringing product.  (D.I. 54, Opp. at 1.)  But even if failure to accuse a product by name in the Complaint were a valid reason to ignore the Default Standard's requirements (which it is not), that would not help TVision here.  In fact, Nielsen's Complaint *specifically identifies the Logitech device* in the "Infringing System and Method" section of the Complaint.  (D.I. 1, Compl., ¶ 46.)

TVision also fails in its argument that because the accused Logitech-based system supposedly cannot possibly infringe the asserted claim, discovery on the system should not be allowed.   Specifically, TVision incorrectly argues that (1) only under an improper claim construction – one that does not require both three- and two-dimensional sensors – can the Logitech system infringe the asserted claim; and (2) the Logitech device does not infringe the claim because it contains only a single two-dimensional sensor that outputs only two-dimensional data.  (D.I. 54, Opp. at 1-2.)  But both of these arguments are wrong.  First, the Logitech system can in fact infringe the asserted claim under the correct claim construction – namely, that the asserted claim requires both three- and two-dimensional sensors and that *both sensors can be implemented with one piece of hardware*.[1]  And second, the Logitech system can infringe the asserted claim because it contains both three- and two-dimensional sensors in the form of a single piece of hardware that produces both three- and two-dimensional data.  Despite TVision's assertion that the device only produces two-dimensional data and not three-dimensional data, the device's autofocus capability proves just the opposite.[2]  (D.I. 51, Letter to the Court, Exs. B, C.)  Autofocus' presence in the prior art, which TVision highlights, does not change anything – Nielsen has never disputed that three-dimensional sensors were in the prior art.

Finally, TVision proves Nielsen's point by emphasizing that Nielsen is not *certain* TVision uses data from the Logitech device in an infringing manner.  TVision is in sole possession of information regarding how its system uses the three- and two-dimensional data from the Logitech device.  Thus, there is no way to be certain about the Logitech-based system's infringement without the discovery Nielsen seeks.

---

[1] This is not, as TVision asserts, a "new theory."  (D.I. 54, Opp. at 3)  In fact, Nielsen put TVision on notice of this argument several months ago (long before this Court's hearing on TVision's Motion to Dismiss).  (E-mail from S. Yovits to B. Heaps, May 4, 2022, Ex. A ("[W]hat may appear to be one sensor is actually functioning as two (providing three-dimensional data and two-dimensional data … .").)  Contrary to TVision's assertion, Nielsen has never contradicted this position.

[2] TVision cannot credibly contradict this fact with its misleading quote from an Internet message board (which addresses only whether the Logitech device produces "pixel-level" depth data and is silent about other types of depth data).  (D.I. 54, Opp. Ex. A.)  Moreover, TVision's website admits that its current system collects "depth sensory data" (*i.e,* three-dimensional data).  (D.I. 1, Compl., Ex. U.)

The Honorable Christopher J. Burke
August 29, 2022     PUBLIC VERSION  September 6, 2022
Page 2

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:nmt/10316527/14944.00004

cc:     Clerk of Court (via hand delivery)
        Counsel of Record (via electronic mail)