IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC,  )<br>  )<br>       Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>TVISION INSIGHTS, INC.,  )<br>  )<br>       Defendant.  ) | C.A. No. 21-1592-CJB |
| THE NIELSEN COMPANY (US), LLC,  )<br>  )<br>       Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>TVISION INSIGHTS, INC.,  )<br>  )<br>       Defendant.  ) | C.A. No. 22-057-CJB |

**TVISION INSIGHTS, INC.'S COMMENTS ON**
**THE NIELSEN COMPANY (US), LLC'S TECHNOLOGY TUTORIAL**

OF COUNSEL:
Ajay S. Krishnan
Julia L. Allen
Bailey W. Heaps
Reaghan E. Braun
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
(415) 391-5400

Dated: April 21, 2023

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

**I.      INTRODUCTION**

Pursuant to Paragraph 12 of the Court's Scheduling Order (D.I. 32)[1], TVision Insights, Inc. ("TVision") hereby submits the following comments to the Technology Tutorial submitted by The Nielsen Company (US), LLC ("Nielsen") (D.I. 89).

**II.     COMMENTS TO NIELSEN'S TUTORIAL**

**A.      Nielsen's Tutorial Violates the Court's Scheduling Order by Making Improper Claim Construction Arguments**

The Court's Scheduling Order, D.I. 32 at ¶ 12, states that "[t]he tutorial . . . should not be used to argue claim construction contentions." But Nielsen's technology tutorial is devoid of expert opinion and instead offers repeated claim construction arguments, as if the tutorial were a sur-surreply claim construction brief. As such, the Court should disregard it in its entirety.

As to the '889 patent, Nielsen uses its tutorial to present multiple improper claim construction arguments. Nielsen devotes significant time to arguing that a frequency component is merely "associated with," rather than "correspond[ing] to," a frequency bin. (Tutorial, at 8:45; D.I. 100 at 23.) For example, it argues that that frequency components "do not correspond to any bin or band of frequencies" and that "it cannot be said that a [frequency] component corresponds to [a] frequency bin." (*See, e.g.*, Tutorial at 12:25, 7:29.) Statements like these are nothing more than improper and unsupported argument offered in direct response to TVision's surreply claim construction brief and its compromise construction, and they violate paragraph 12 of the Scheduling Order.

Moreover, it is unclear what importance Nielsen seeks to attach to this supposed distinction, which runs directly contrary to Nielsen's statements in its opening brief (later

---

[1] Citations are to the docket in C.A. No. 21-1592-CJB.

reversed) that "[e]ach frequency component that results from a frequency domain transform consists, as explained above, of coefficients *corresponding to* individual frequencies and their amplitudes." (D.I. 100 at 14;[2] *see also id.* at 20 ("The next bin (coefficient 1) is also 375 Hz wide, *corresponding to* 375–750 Hz").) Nielsen's own expert likewise used the "corresponding" language in his written declaration. (*See* D.I. 101, Ex. I at ¶¶ 37-38 ("each coefficient is influenced by the information in its *corresponding* 'frequency bin,'" and "each DFT frequency component (coefficient) is influenced by lumped-together, aggregate information from its *corresponding* bin."); D.I. 101, Ex. K at ¶¶ 15-17 (TVision's expert Dr. Anderson explaining that "each frequency component has a corresponding bin, which is a single band of frequencies").)  Nielsen's reversals make clear that "associated with" versus "corresponding to" is an artificial and meaningless distinction manufactured by Nielsen to oppose TVision's compromise construction, and the Court should disregard it.

Nielsen further pushes back on TVision's construction based on spectral leakage, but fails to recognize that TVision's compromise construction accounts for leakage (and therefore does not require a "true 1:1 mapping").[3] (*See, e.g.*, Tutorial at 10:53; D.I. 100 at 23.)

As to the '189 patent, Nielsen again blatantly delves into claim construction by selectively quoting a Microsoft Dictionary—just as it did in its claim construction brief. *See* Tutorial at 25:08; D.I. 100 at 66). This is improper.

But Nielsen's worst violation is when it cites an overruled legal opinion to present a now-rejected legal fiction as a technical fact. Specifically, Nielsen cites *In re Alappat*, for the

---

[2] Emphasis is added throughout, unless otherwise noted.

[3] Nielsen's tutorial contradicts its own construction, arguing that "a frequency component in the discrete frequency domain is a single complex number." (Tutorial at 9:47; *compare* D.I. 100 at 13 (Nielsen proposing that a frequency component is any "[c]omponent of a signal generated by transforming the signal data from the time domain to the frequency domain")).

3

discredited proposition "programming creates a new machine, because a general purpose computer in effect becomes a special purpose computer once it is programmed to perform particular functions pursuant to instructions from program software." 33 F.3d 1526, 1545 (Fed. Cir. 1994), *abrogated by In re Bilski*, 545 F.3d 943, 959-60 (Fed. Cir. 2008); *see* Tutorial at 28:00. Nielsen wrongly claims in its tutorial that *Alappat* was "overruled on other grounds" by *In re Bilski*—but that is clearly false. In fact, *Bilski* overruled *Alappat* on this precise ground, by stating: "if *Alappat*'s guidance that software converts a general purpose computer into a special purpose machine remains applicable, there is no need for the present ruling." *In re Bilski*, 545 F.3d at 994. Nor was *Alappat* ever anything other than a legal fiction. Not even Nielsen's expert has advanced the proposition recited in its tutorial that software can transform a general-purpose computer into a special purpose machine. And as TVision's expert, Dr. Anderson has opined, in fact, hardware's circuitry is set at the time it is designed and cannot be changed by software. (D.I. 101, Ex. K at ¶¶ 32-33.) More broadly, Nielsen's citation to *Alappat* is a misplaced attempt to conflate a general purpose computer processor that is always needed to runs software with the type of specialized logic circuit recited in Claim 9 of the '189 patent.

      **B.**    **Nielsen's Tutorial Is Entirely Unsupported and the Court Cannot Rely on It**

Beyond treating its tutorial like a claim construction sur-surreply, Nielsen also offers new factual arguments about the function and purpose of an FFT or DFT, such as their supposed use for "signal compression," and general statements regarding phase shift, DFTs, FFTs, and other topics. (*See, e.g.,* Tutorial at 1:00, 14:00, 16:25.) Nielsen discusses frames—although it never briefed a construction for that term—and makes new arguments a supposed method of content fingerprinting, and about frequency domain vs. wavelet transforms. (*See, e.g.*, Tutorial at 15:45, 19:14.) But Nielsen's tutorial is not an expert declaration, was not offered under the penalty of

4

perjury under 28 U.S.C. § 1746 or signed under Rule 11, and it is not supported by any citations. It is not even clear who is speaking. As such, the Court cannot rely on any of the arguments, factual contentions, or unidentified expert opinion offered within it. *See Wi-LAN United States v. Ericsson, Inc.*, 675 F. App'x 984, 991 (Fed. Cir. 2017) (vacating lower court's decision because it improperly relied on technical statements by attorneys, which are "attorney argument, not record evidence").

### C.     CONCLUSION

Nielsen's tutorial consists of unsupported factual assertions by an unknown person, coupled with sur-surreply arguments in opposition to TVision's surreply brief. TVision respectfully requests that the Court disregard the tutorial in its entirety.

|  |  |
|---|---|
| OF COUNSEL:<br>Ajay S. Krishnan<br>Julia L. Allen<br>Bailey W. Heaps<br>Reaghan E. Braun<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>(415) 391-5400<br><br>Dated: April 21, 2023 | */s/ Andrew E. Russell*<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Defendant* |